UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(HONORABLE JANIS L. SAMMARTINO)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ELODIA BECERRA-PEREZ (1),<br><br>Defendant. | CASE NO.: 17CR0478-JLS<br><br>**ORDER QUASHING RULE 17(b) SUBPOENAS** |

Presently before the Court is the Government's motion to quash subpoenas issued upon defense application pursuant to Rule 17(b) of the Rules of Criminal Procedure. ECF No. 47. The Government also seeks reconsideration of the Court's Order authorizing the issuance of the subpoenas. *Id.* Defendant Elodia Becerra-Perez, through counsel, has filed an opposition to the Government's motions and the Government has filed a reply. Having considered these submissions, and as indicated orally at the evidentiary hearing held in this matter on November 27, 2017, the Court will quash the subpoenas.

## Background

Defendant Elodia Becerra-Perez is charged with conspiracy, bringing in illegal aliens for financial gain, conspiracy to transport certain aliens, and transportation of certain aliens. ECF No. 1. Defendant filed a motion to suppress

evidence seized as a result of the stop of the vehicle she was occupying on the day of her arrest, alleging that the Border Patrol immigration checkpoint at which the vehicle was stopped is unconstitutional because its primary purpose is to advance the general interest in crime control. ECF No. 23.

On October 30, 2017, Defendant filed an ex parte application for issuance of Rule 17(b) subpoenas seeking to compel the attendance of four witnesses[1] at the evidentiary hearing on Defendant's motion to suppress, scheduled for November 27, 2017. ECF No. 45. Defense counsel filed a supporting declaration indicating that the discovery materials revealed that these witnesses would likely provide favorable testimony because "they have previously made statements that, at least by implication, acknowledge that the Border Patrol's checkpoints have a general-crime-control purpose." *Id.* at 45-1, 2. On November 13, 2017, the Court issued an order authorizing the subpoenas. ECF No. 46. The following day, the Government filed its motion to quash the subpoenas and motion for reconsideration of the order authorizing the subpoenas. ECF No. 47.

The Court issued an order staying enforcement of the subpoenas and set a briefing schedule to be completed by the November 27, 2017 hearing date. At that hearing, the Court indicated that it would likely grant the Government's motion to quash the subpoenas and that this written order would follow.

## Analysis

Rule 17(b) of the Federal Rules of Criminal procedure provides that, upon a defendant's ex parte application, the court must order that a subpoena be issued for a named witness if the defendant shows an inability to pay the witness's fees and the necessity of the witness's presence for an adequate defense. Based upon the

---

[1] The witnesses listed in the application are: 1) Richard M. Stana, Director, Homeland Security and Justice Issues, U.S. Government Accountability Office, Washington, D.C.; 2) Jerald E. Levine, Director, Departmental GAO/OIG Liaison Office, U.S. Department of Homeland Security, Washington, D.C.; 3) Mark Morgan, Chief, U.S. Border Patrol, Washington, D.C.; and 4) Gus De La Vina, Chief, U.S. Border Patrol, Washington, D.C.

statements set forth in the declaration submitted by defense counsel in support of the subpoenas, the Court believes that there was a sufficient showing of necessity to permit the issuance of the subpoenas. Thus, the Court declines to reconsider its order authorizing the issuance of the subpoenas. However, in light of the additional facts set forth in the Government's motion to quash, the Court is now persuaded that witnesses are not in fact necessary to an adequate defense.

The Court finds that the Government has standing to contest the subpoenas. A party to a criminal case "has standing to move to quash a subpoena addressed to another if the subpoena infringes upon the movant's legitimate interests." *United States v. Jenkins*, 895 F.Supp. 1389, 1393 (D. Hawai'i 1995) quoting *United States v. Raineri*, 670 F.2d 702, 712 (7th Cir. 1982). In *Raineri*, the Seventh Circuit held that the Government had standing to move to quash a defendant's subpoena based "upon its interest in preventing undue lengthening of the trial, undue harassment of its witness, and prejudicial over-emphasis on [the witness's] credibility." *Raineri*, 670 F.2d at 712.

Here, the Government has legitimate interests in contesting the subpoenas because they seek to compel the attendance of current or former government officials regarding policies and practices at issue in this case. The government has legitimate interests in protecting the length of the proceedings, and in preventing the potential over-emphasis on the materiality of the witness' testimony.

In *United States v. Sims*, 637 F.3d 625, 627 (9th Cir. 1980), the Ninth Circuit adopted the following standard for determining whether a defendant has made a satisfactory showing of whether the presence of witnesses is "necessary to an adequate defense" under Rule 17(b) of the Federal Rules of Criminal Procedure:

> (I)f the accused avers facts which, if true, would be relevant to any issue in the case, a request for a subpoena must be granted, unless the averments are inherently incredible on their face, or unless the Government shows, either by introducing evidence or from matters

already of record, that the averments are untrue or that the request is otherwise frivolous.

In this case, the declaration in support of the contested subpoenas alleged that prior statements of each witness acknowledged that Border Patrol checkpoints have a general crime control purpose. However, in light of the additional facts set forth in the Government's motion to quash, the Court is not persuaded that this is actually true.

Proposed witness Richard Stana is a former employee of the Government Accountability Office (GAO) and, according to the Government, has never worked for the United States Border Patrol or the Department of Homeland Security. Even assuming that Mr. Stana, who retired in 2011, is qualified to opine on the purpose of Border Patrol checkpoints, the statements attributed to Mr. Stana by Defendant, when read in their entirety, do not acknowledge that the primary purpose of the checkpoints is general crime control. To the contrary, Mr. Stana acknowledged that "permanent checkpoints are intended to apprehend illegal entrants and contraband, and through the perception of potential apprehension, to deter illegal entrants from using major highways or roads." Checkpoint 653 at 2.

Proposed witness Jerald Levine, who previously worked for the Department of Homeland Security as the Director of the Departmental GAO/OIG Liason Office, wrote to Mr. Stana to comment about a GAO draft report and indicated that "GAO found that checkpoints have contributed to the Border Patrol's ability to seize illegal drugs, apprehend illegal aliens, and screen potential terrorists…" Checkpoint 879. Mr. Stana merely recited the finding of the GAO report, he did not opine on the purpose of Border Patrol checkpoints in his comments.

Proposed witness Mark Morgan formerly served as the Chief of the United States Border Patrol and, in 2015, gave Congressional testimony to a House Subcommittee. ECF 27-3. This testimony, read in its entirety, does not acknowledge that the primary purpose of checkpoints is for general crime control.

Contrary to defense counsel's declaration, Mr. Morgan's testimony did not emphasize that *checkpoints* are intended to achieve multiple objectives including the prevention of terrorism and the disruption of transnational criminal organizations, those objectives were cited as part of Border Patrol's broader overall strategy. *Id.* at 3. Mr. Morgan indicated that "[t]he purpose of checkpoint operations is to apprehend recent entrants who are undocumented and smugglers who were not apprehended at the border and are attempting to travel to interior locations." *Id.* at 4.

The final proposed witness, Gus De La Vina, is deceased.

## Conclusion

Based upon the additional information provided by the Government in its motion, the Court is not persuaded that the testimony of the subpoenaed witnesses is relevant to any issue in this case and thus their presence is not necessary to an adequate defense. Accordingly the Government's Motion to Quash Rule 17(b) Subpoenas is **Granted** and the subpoenas are **Hereby Quashed**.

IT IS SO ORDERED.

Dated: March 8, 2018

Hon. Janis L. Sammartino
United States District Judge